**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JORGE LUIS TAMAYO-MORA,**                                        **PETITIONER**
**# A 074-130-431**

**VERSUS**                                        **CIVIL ACTION NO. 5:26cv21-DCB-RPM**

**UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT**                                        **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*.  *Pro se* Petitioner Jorge Luis Tamayo-Mora initiated this habeas action on January 22, 2026.  At the time, he was an alien detainee in the custody of the Department of Homeland Security.

On January 26, 2026, the Court ordered Tamayo-Mora to either pay the filing fee or apply for leave to proceed *in forma pauperis*, by February 25.  Having received no response, on March 11, the Court entered the Order to Show Cause [4], directing him to show cause why the case should not be dismissed for failure to obey a Court Order [3].  The response was due March 25.  When Tamayo-Mora still did not comply, the Court entered the Second Order to Show Cause [5], on April 8, giving him a final chance to comply.

All Orders [3, 4, 5] were sent to Tamayo-Mora's address of record, and only the show cause Orders were returned as undeliverable.  To date he has not responded, provided a change

of address, or otherwise contacted the Court.  The Court has warned Tamayo-Mora that failure to comply may lead to the dismissal of this case.  (2d Order to Show Cause at 1); (Order to Show Cause); (Order [3] at 1).  It is apparent from his failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30. Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed

2

without prejudice for failure to obey the Court's Orders.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 8th day of May, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE